FILED

2020 Jun-30  PM 02:12
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| TIMOTHY DANIEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:19-cv-1903-GMB |
| | ) | |
| CREATIVE MORTGAGE | ) | |
| RESOLUTIONS, LLC, and | ) | |
| ROBERT STILLMAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Pending before the court is the Motion to Dismiss filed by Defendant Creative Mortgage Resolutions, LLC ("Creative Mortgage"). Doc. 3.  Pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of a United States Magistrate Judge.  On November 22, 2019, Plaintiff Timothy Daniel filed suit in the Circuit Court of Jefferson County, Alabama, alleging several claims arising out of a lawsuit filed by the defendants in that court. Doc. 1-1.  Creative Mortgage removed the case to this court and now seeks the dismissal of all claims against it.  After careful consideration of the parties' submissions and the applicable law, and for the reasons that follow, the court concludes that the motion to dismiss is due to be granted.

### I.  JURISDICTION AND VENUE

The court has jurisdiction over the claims in this lawsuit pursuant to 28 U.S.C.

§ 1332.  The parties do not contest personal jurisdiction, nor do they contest that venue is proper in the Northern District of Alabama.  The court finds adequate allegations to support the propriety of both.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

The following is a recitation of the facts as alleged in Daniel's state-court complaint. Doc. 1-1.  Daniel's mother, who is now deceased, owned a home in Birmingham, Alabama. Doc. 1-1 at 3.  When she passed away in August 2005, Daniel's mother was paying $685 per month on the property's mortgage. Doc. 1-1 at 3.  Daniel lived in the home after his mother passed away and paid the mortgage and utilities until 2007, when he became unable to afford the payments and moved in with his brother. Doc. 1-1 at 3.  However, Daniel continued to pay the mortgage on the property until he lost his job in 2010, at which point he made payments "when he could." Doc. 1-1 at 3.

On December 18, 2014, the defendants foreclosed on the property. Doc. 1-1 at 3.  When Daniel learned of the foreclosure sometime in 2015, he called Defendant Robert Stillman, who told him that he could pay $685 per month into an escrow account "and that after a few months [Stillman] could put the house in [Daniel's] name." Doc. 1-1 at 3.  Daniel made the payments to the extent he was able, but Creative Mortgage filed suit in state district court during 2016 alleging a past-due balance in the amount of roughly $4,000. Doc. 1-1 at 3.  That suit was dismissed in

February 2017 for "faulty service." Doc. 1-1 at 3.  On March 24, 2017, Creative Mortgage filed another lawsuit, this time in state circuit court, alleging a past-due amount of $8,018. Doc. 1-1 at 3.  The state court in that case denied Creative Mortgage's motion for summary judgment and thereafter dismissed Creative Mortgage's claims. Doc. 1-1 at 4.

Daniel alleges that the claims asserted in both lawsuits were "unjust" and that the defendants were unjustly enriched by taking advantage of Daniel's "naivety and simple-minded-ness [sic]." Doc. 1-1 at 4.  Daniel claims that he was "consistently paying mortgage/rent payments for which he never received a benefit." Doc. 1-1 at 4.  As a result of having to defend himself against the two lawsuits, Daniel "became irritable, depressed, [lost] sleep, [lost] weight, and caused a consistent concern from his brother about the state of his health and wellbeing." Doc. 1-1 at 4.  He asserts state-law claims for malicious prosecution, abuse of process, and unjust enrichment, and seeks at least $100,000 in damages. Doc. 1-1 at 4–5.

### III.  STANDARD OF REVIEW

In consideration of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the court must "take the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).  To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is

plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is "plausible on its face" if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  Factual allegations need not be detailed, but "must be enough to raise a right to relief above the speculative level," *id.*, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 678.

## IV.  DISCUSSION

### A.    Malicious Prosecution

Creative Mortgage first argues that Daniel's claim for malicious prosecution should be dismissed because he did not allege a lack of probable cause for either of the lawsuits in his state-court complaint. Doc. 3 at 5–6.  Daniel responds that Creative Mortgage's second lawsuit was an attempt to "circumvent the jurisdiction of the District Court" and is "indicative" of Creative Mortgage's "bad faith efforts to obtain a judgment against the plaintiff for non-existent fabricated claims." Doc. 6 at 4.

In Alabama, the tort of malicious prosecution is: (1) a judicial proceeding initiated or continued by the defendant, (2) with malice and without probable cause,

(3) that terminated in the plaintiff's favor, and (4) caused damage to the plaintiff." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1256 (11th Cir. 2010).  Malicious prosecution is "disfavored in the law" because of the public policy preference for individuals to "resort freely to the courts for redress of wrongs and to enforce their rights[.]" *Moon v. Pillion*, 2 So. 3d 842, 845 (Ala. 2008) (internal quotation marks omitted).

The complaint does not contain sufficient allegations to support a claim that Creative Mortgage initiated either lawsuit without probable cause.  By Daniel's own admission, he missed payments. *See* Doc. 1-1 at 3 (alleging that Daniel payed the mortgage until he lost his job, at which point "he paid the mortgage note when he could" and made payments "as best he could" after reaching an agreement with Stillman).  The complaint does not claim that Daniel did not miss any payments or that Creative Mortgage erroneously calculated the past-due balances.  The simple fact that the state court eventually dismissed the claims is not evidence that the cases were initiated without factual support.  As a result, there is nothing in Daniel's allegations to suggest that Creative Mortgage initiated either state-court lawsuit without probable cause.

Moreover, Daniel has not pleaded malice on the part of Creative Mortgage. "Malice" for the purpose of a state-law malicious prosecution claim can be inferred from a lack of probable cause "or from defendant's conduct, where such conduct

will admit of no other reasonable construction." *Willis v. Parker*, 814 So. 2d 857, 864 (Ala. 2001). Daniel's own allegations suggest Creative Mortgage's reasonable belief in the overdue balances on his mortgage payments and undercut any inference of malice. And, even construing Daniel's allegations in the light most favorable to him, the court can decipher "no other reasonable construction" for Creative Mortgage's decision to bring suit other than its desire to recover the sums it claimed Daniel owed. Accordingly, Daniel's claim for malicious prosecution is due to be dismissed.

**B.     Abuse of Process**

To establish a claim for abuse of power in Alabama, a plaintiff must allege: "(1) an ulterior purpose; (2) a wrongful use of process; and (3) malice." *ClassroomDirect.com, LLC v. Draphix, LLC*, 314 F. App'x 169, 175 (11th Cir. 2008). A claim for abuse of process cannot stand where the action in question "is confined to its regular and legitimate function in relation to the cause of action stated in the complaint[.]" *Duncan v. Kent*, 370 So. 2d 288, 290 (Ala. 1979) (internal quotation marks omitted).

Daniel's allegations fall well short of a viable abuse-of-process claim. Daniel does not allege an ulterior purpose by Creative Mortgage in initiating both state-court lawsuits. In fact, his allegations suggest only that Creative Mortgage brought suit to recover sums of money that it claimed (and Daniel has not denied) Daniel

owed.  And the court already has found that Daniel did not plead any malice on the part of Creative Mortgage in its decision to bring suit.  Accordingly, Daniel's claim for abuse of process cannot survive the motion to dismiss.

## C.    Unjust Enrichment

To establish a viable claim for unjust enrichment in Alabama, a plaintiff must allege that "(1) the defendant knowingly accepted and retained a benefit, (2) provided by another, (3) who has a reasonable expectation of compensation." *Matador Holdings, Inc. v. HoPo Realty Invests., LLC*, 77 So. 3d 139, 145 (Ala. 2011) (internal quotation marks omitted).  Daniel's allegation that Creative Mortgage filed two frivolous state-court lawsuits against him and "took great advantage" of his "naivety and simple [mindedness]" are woefully insufficient to establish a viable unjust enrichment claim.  His legal conclusion that the defendants were "unjustly enriched" does nothing to change this calculus.  Accordingly, his unjust enrichment claim is subject to dismissal.

## V.  CONCLUSION

For these reasons, it is ORDERED that Defendant Creative Mortgage's Motion to Dismiss (Doc. 3) is GRANTED, and Plaintiff Timothy Daniel's claims are DISMISSED with prejudice for failure to state a claim upon which relief can be

granted.[1]

A separate judgment will issue.

DONE and ORDERED on June 30, 2020.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE

---

[1] The record indicates that Defendant Robert Stillman has not been served with process. *See* Doc. 1-1 at 12 & 16–18.  Accordingly, the claims against him are due to be dismissed for failure to perfect service under Federal Rule of Civil Procedure 4.  Even if he had been served, the claims against him would be dismissed on the same grounds outlined above.